DOUGLAS L. ROPEL, Bar No. 300486
dropel@littler.com
JOY C. ROSENQUIST, Bar No. 214926
jrosenquist@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Attorneys for Defendant
ERNEST HEALTH HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY WATKINS,<br><br>          Plaintiff,<br><br>     v.<br><br>ERNEST HEALTH HOLDINGS, LLC, and DOES 1 through 5, inclusive,<br><br>          Defendants. | Case No.<br><br>*[Removed from Sacramento County Superior Court Case No. 24CV013503]*<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b)**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Trial Date:       Not Yet Set<br>Complaint Filed:  July 8, 2024 |

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

CASE NO.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF STACY WATKINS, AND TO PLAINTIFF'S ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant ERNEST HEALTH HOLDINGS, LLC ("Defendant"), removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State California for the County of Sacramento. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. Sections 1332 and 1441(b) based on diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

In support of its Notice of Removal of Civil Action, Defendant alleges:

## I. JURISDICTION AND VENUE ARE PROPER

1. This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because Plaintiff STACY WATKINS ("Plaintiff") is a citizen of the State of California and ERNEST HEALTH HOLDINGS, LLC is a Delaware corporation with its principal place of business in New York. The amount in controversy in this action exceeds $75,000.00. As set forth below, this case meets all of Section 1332's requirements that the suit is between citizens of different States, and the amount in controversy exceeds $75,000.00.

2. Venue lies in the Eastern District of California pursuant to 28 U.S.C. sections 84(b) and 1441(a). This action was originally brought in the Superior Court of the State of California, County of Sacramento. Actions arising in Sacramento County shall be commenced in the Sacramento Division of the Eastern District. Eastern District Local Rule 120(d).

## II. PLEADINGS, PROCESS, AND ORDERS

3. On July 8, 2024, Plaintiff commenced this action by filing a complaint in the Superior Court of California, County of Sacramento, entitled *Stacy Watkins v. Ernest Health Holdings, LLC, and DOES 1 through 5*, designated as Case No. 24CV013503. The Complaint alleges five causes of action: (1) Breach of Labor Code: Failure to Pay Overtime Wages; (2) Breach of Labor Code: Failure to Pay All Wages Owed at Termination of Employment; (3) Breach of Labor Code: Failure To Keep Accurate Timecards; (4) Wrongful Termination in Violation of Public Policy; and (5) Breach of Labor Code Section 1102.5. (*See* Declaration of Joy C. Rosenquist in Support of Defendant's Notice of

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

CASE NO.

Removal to Federal Court ("Rosenquist Decl.") ¶ 2; Ex. A ("Compl.").)

4. On July 24, 2024, counsel for Defendant accepted service of the following documents: Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, court notices, and Notice and Acknowledgement of Receipt. (Rosenquist Decl. ¶¶ 3-4; Exs. B-C.)

5. On August 21, 2024, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of California, County of Sacramento. (Rosenquist Decl. ¶ 5, Ex. D.)

6. To Defendant's knowledge, the documents attached to the Declaration of Joy C. Rosenquist constitute all process, pleadings, and orders served upon Defendant or filed in the State Court action and no proceedings related hereto have been heard in Sacramento County Superior Court. (Rosenquist Decl. ¶¶ 2-6; Exs. A-D.) The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

7. As of the date of this Notice of Removal, only Ernest Health Holdings LLC has been served with Plaintiff's Summons and Complaint. (Rosenquist Decl. ¶¶ 2, 7; Ex. B). No other parties have been named or validly served in this matter; therefore, their joinder and/or consent to this Notice is not required. *See* 28 U.S.C. § 1441(b); *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (finding those named as defendants but not yet served in the state court action need not join the notice of removal); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join removal petition).

### III. TIMELINESS OF REMOVAL

8. This Notice of Removal is timely because it has been filed within thirty (30) days of service upon Defendant of the Summons and Complaint, on August 21, 2024, and within one year of the filing of the Complaint on July 8, 2024. *See* 28 U.S.C. § 1446(b).

### IV. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9. The diversity of citizenship statute, 28 U.S.C. Section 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    3    CASE NO.

10. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

11. The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

12. For purposes of removal, citizenship of doe defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(b)(1); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

### A. Plaintiff Is A Citizen Of California

13. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, No. CV13-2604PA, 2013 WL 8284799, at *3 (C.D. Cal. Apr. 16, 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id*. at *3. Residence is prima facie evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, No. CV12-03117SJO, 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges in her Complaint that she "a resident of Contra Costa County, State of California." (Compl., ¶ 1.) As Plaintiff is domiciled in California, she is therefore a citizen of California for purposes of the jurisdictional analysis.

### B. Defendant Ernest Health Holdings, LLC Is Not A Citizen of California

14. In determining diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As to the latter aspect of the corporate citizenship analysis, the U.S. Supreme Court adopted a single, uniform test to determine a "principal place of business": the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   4   CASE NO.

1  "nerve center" test. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Court explained, the "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id*. This analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990).

15. Defendant Ernest Health Holdings, LLC is a limited liability company. (Declaration of John Greenleaf in Support of Defendant's Notice of Removal to Federal Court ("Greenleaf Decl.") ¶ 2.) Epoch Acquisition, Inc. is the sole owner/member of Ernest Health Holdings, LLC. Epoch Acquisition, Inc. is incorporated in the State of Delaware and has its principal place of business in New York (its corporate headquarters, including primary executive, administrative, financial and management functions). *Id*.

16. Accordingly, Defendant was, at the time of the filing of this action, and still is, a citizen of both Delaware and New York because it is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of New York. Thus, there is complete diversity between Plaintiff and Defendant.

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

17. The District Court has jurisdiction over this case because, in addition to the prerequisite of diversity between the parties, the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, because the amount in controversy exceeds $75,000.00, the second requirement of diversity jurisdiction is satisfied.

18. In measuring the amount in controversy, this Court must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims asserted. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount put "in controversy" by the plaintiff's complaint, and not how much, if anything, the plaintiff will actually recover. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT     5     CASE NO.

1  complaint)). Further, as one district court held, "[u]nder this standard, the removing party's burden is
2  not daunting, and defendants are not obligated to research, state, and prove the plaintiff's claims for
3  damages." *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at
4  *7 (E.D. Cal. Feb. 19, 2014) (citations and quotations omitted).

5      19.    Indeed, the removal statute requires a defendant seeking to remove a case to federal
6  court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. §
7  1446(a). The Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens* recognized that "as
8  specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that
9  the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the
10 court questions the allegations of the notice of removal is supporting evidence required. *Dart Cherokee*
11 *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Otherwise, "the defendant's amount-in-
12 controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is
13 accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 87.

14     20.    In her Complaint, Plaintiff seeks the following: (1) compensatory damages; (2) special
15 damages; (3) general damages; (4) prejudgment interest; (5) liquidated damages under Labor Code
16 section 1194.2; and (6) attorneys' fees and costs. (*See* Compl.pp.7-8.) Although Defendant denies the
17 validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff is entitled to any
18 relief, Plaintiff's claims establish an amount in controversy over the jurisdictional minimum of
19 $75,000.00, exclusive of interests and costs, as set forth below:

20     **C.**    **Lost Earnings**

21     21.    Plaintiff seeks lost earnings. (Compl. ¶ 31.) According to the Complaint, Plaintiff
22 "…has suffered and continues to suffer substantial losses in earnings, significant injuries to her
23 professional reputation, lost wages and other employment benefits, attorneys' fees, future earnings
24 and benefits, cost of suit, humiliation, embarrassment and anguish." (*Id.*)

25     22.    Should Plaintiff prevail on her legal claims for wrongful termination, she potentially
26 could recover lost wages and other compensation through the date of trial. The Complaint alleges that
27 Plaintiff's employment was terminated on or about January 18, 2024. (*Id.* at ¶ 11.) At the time of the
28 termination of employment, Plaintiff was earning an annual salary of $105,000.00 ($8,750 monthly).

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA
95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

6

CASE NO.

(Declaration of Robert Taylor in Support of Defendant's Notice of Removal to Federal Court ("Taylor Decl.") ¶ 2.) If Plaintiff were to recover back wages from January 18, 2024, to the present, she could potentially recover approximately $61,250 ($8,750 x 8 months). If Plaintiff remains unemployed through trial, which would likely be completed no sooner than one year from today (and likely far later), the amount in controversy as to lost wages would total approximately **$166,250** ($8,750 x 19 months).[1] *See Chavez v. JP Morgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018) (future wages are at stake in litigation if "plaintiff claims at time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages" should she prevail); *see also Stainbrook v. Target Corp.,* 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (calculating plaintiff's lost wages from time of termination through time of trial, using a "hypothetical trial date" one year after removal).

23.     In addition, Plaintiff, should she prevail, is entitled to a front pay award. Front pay awards in California frequently span a number of years. *See James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (affirming that the court should consider both past and future lost wages after the time of removal); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the two years after trial, the amount of future wages in controversy in this case would total at least an additional $210,000.00 ($105,000.00 x 2 years). Thus, if this case goes to trial in August 2025, it may reasonably be estimated that Plaintiff's claims of back pay and front pay would alone total an estimated **$376,250.00** ($166,250.00 + $210,000.00).

D.     **Emotional Distress Damages**

24.     Plaintiff also seeks damages for emotional distress. (Compl. ¶26 ("Plaintiff is entitled to damages, general and special, including, but not limited to, lost wages, commissions, bonuses, benefits, emotional distress, and certain other incidental and consequential expenses and damages in an amount which will be shown at the time of trial.")) These damages are a part of the amount in controversy calculation. *See Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D.

---

[1] *See Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018) (finding one year is a "conservative estimate" of the likely time from removal to trial).

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT — 7 — CASE NO.

Littler Mendelson, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Cal. 2012) (holding that emotional distress damages are included in determining the amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish.").

25. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980.  Based upon the authorities surveyed in *Velez*, the damages at issue could be higher.

26. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2000) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages). Thus, Defendant conservatively estimates **$25,000** for emotional distress damages here.

### E. Punitive Damages

27. Plaintiff also seeks punitive damages. (Compl. ¶¶ 27, 32.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

28. A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). California law provides no specific monetary limit on the amount of punitive damages that may be awarded. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033. Indeed, a punitive damages awards equaling as much as four times the amount of actual

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA
95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT          8          CASE NO.

damages award may be appropriate. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "alone might" exceed the jurisdictional minimum. *Id*. at 334; *see also, Simmons*, 209 F. Supp. 2d at 1033 (citing employment discrimination cases involving large punitive damages awards). Accordingly, Plaintiff's claim for punitive damages alone places at least **$75,000.00** in controversy.

### F. Attorneys' Fees

29. Plaintiff also seeks attorneys' fees. (Compl. ¶¶ 16, 19, 22, 31, and p.8.) Attorneys' fees potentially recoverable by statute are also included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedez-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). In actions brought under the FEHA and CFRA, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees. Cal. Gov't Code § 12965(b).

30. Attorneys' fee awards in FEHA cases can be sizeable. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Further, "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in an employment discrimination case alleging wrongful termination may reasonably be expected to equal at least $30,000 (100 hours

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

9

CASE NO.

X $300 per hours). *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015). Attorneys' fees much larger than that are regularly upheld in employment cases. *See, e.g., Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming award of $724,380 in attorneys' fees in employment discrimination case).

31. Using the conservative estimate of attorneys' fees from *Sasso*, potential attorneys' fees in this case add at least $**30,000** to the amount in controversy.

### G. Summary of Amount in Controversy

32. Defendant wholly deny that Plaintiff is entitled to any damages in this case. However, when the relief sought by Plaintiff in her Complaint is taken as a whole, the amount in controversy, even using very conservative estimates, for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| | |
|---|---|
| Lost earnings | $376,250 |
| Emotional distress | $25,000 |
| Punitive damages | $75,000 |
| Attorneys' Fees | $30,000 |
| **Total Amount in Controversy** | **$506,250** |

### VI. NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT

33. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Henk Leonard, a Professional Law Corporation. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Sacramento.

### VII. CONCLUSION

34. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA
95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT        10        CASE NO.

| | |
|---|---|
| Dated: August 19, 2024 | LITTLER MENDELSON, P.C. |
| | |
| | */s/ Douglas L. Ropel* |
| | DOUGLAS L. ROPEL |
| | JOY C. ROSENQUIST |
| | Attorneys for Defendant |
| | ERNEST HEALTH HOLDINGS, LLC |

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA
95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    11    CASE NO.